UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LAMANCEO DORSEY,**

   **Plaintiff,**

v.                   **Case No: 6:19-cv-1519-Orl-EJK**

**COMMISSIONER OF SOCIAL SECURITY,**

   **Defendant.**
_____/

**ORDER**

  Plaintiff, Lamanceo Dorsey, brings this action pursuant to Title XVI of the Social Security Act (the "Act"), as amended, 42 U.S.C. §§ 405(g) and 1382, to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for Supplemental Security Income ("SSI") under the Act. (Doc. 1.) Upon review of the record, including the transcript of the proceedings before the Administrative Law Judge ("ALJ"), the ALJ's decision, the administrative record, and the pleadings and memorandum submitted by the parties, the Court reverses the Commissioner's final decision in this case, pursuant to sentence four of 42 U.S.C. § 405(g).

## I. BACKGROUND

  Plaintiff filed for SSI on August 19, 2014. (Tr. 71.) He alleged an onset of disability beginning January 1, 2014, when he was thirty-five years old, due to congestive heart failure. (Tr. 70, 71.) The Agency denied his application on March 17, 2015, and upon reconsideration on July 22, 2015. (Tr. 70–78, 79–96.)

Plaintiff attended a hearing before an ALJ on July 26, 2018. (Tr. 39–64.) In a decision dated August 10, 2018, the ALJ found Plaintiff not disabled, as defined under the Act. (Tr. 13–34.) Plaintiff appealed this decision to the Appeals Council, and on June 27, 2019, the Appeals Council denied Plaintiff's request for review. (Tr. 1–6.) Plaintiff timely filed this action for judicial review of the Commissioner's decision on August 16, 2019. (Doc. 1.) Plaintiff has exhausted the available administrative remedies, and the case is properly before this Court.

## II.     THE ALJ'S DECISION

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Social Security Administration and set forth in 20 C.F.R. § 404.1520(a)(4) and § 416.920(a)(4). Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work available in significant numbers in the national economy. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237–1240 (11th Cir. 2004). Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner. *Id.* at 1241 n.10.

Here, the ALJ performed the sequential analysis through step five. (Tr. 7–27.) At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 19, 2014, the date of Plaintiff's SSI application. (Tr. 18.) At step two, the ALJ determined that Plaintiff had a severe impairment of mitral valve regurgitation. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19.)

Before proceeding to step four, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform:

> light work as defined in 20 CFR 416.967(b) except the claimant can occasionally climb ramps/stairs, balance, stoop, kneel, crouch and crawl. The claimant should avoid climbing ladders, ropes or scaffolds, avoid exposure to temperature extremes, humidity, vibrations, fumes, odors, dust, concentrated atmospheric pollutants and work hazards such as working in high places and around industrial equipment.

(Tr. 20.)[1]

At step four, the ALJ concluded that Plaintiff had no past relevant work. (Tr. 26.) At step five, considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff could perform, such as cashier (II), office helper, and ticket marker. (Tr. 27.) As such, the ALJ found that Plaintiff was not under a disability at any time from August 19, 2014, through the date of the decision. (Tr. 28.)

### III. STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." SSR 83-10. The regulations go on to clarify that "[e]ven though the weight lifted in a particular light job may be very little, a job is in this category when it requires a good deal of walking or standing -- the primary difference between sedentary and most light jobs." *Id.*

accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks omitted).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner.]" *Id.* However, though the review is limited, "the entire record must be scrutinized to determine the reasonableness of the Secretary's factual findings." *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).

### IV.     DISCUSSION

Plaintiff raises several issues on appeal. First, Plaintiff contends that the ALJ erred when she failed to state with particularity the weight she gave to the medical opinion of Plaintiff's treating cardiologist, Ross Goodfellow, D.O., and instead gave substantial weight to non-examining medical expert cardiologist, Morton Tavel, M.D. (Doc. 21 at 15–26.) Second, Plaintiff asserts that the Appeals Council erred by not reviewing Plaintiff's case in light of new evidence from Dr. Goodfellow. (*Id.* at 33.)[2]

---

[2] Plaintiff also briefly argues that the ALJ erred in not considering the July 9, 2007 opinion of Margaret R. Mortensen, Ph.D., who performed a WMS-III memory test on Plaintiff. (Doc. 21 at 26–27.) However, the Court does not address this argument as Plaintiff concedes in his brief that the opinion is outside the relevant timeframe. (Doc. 21 at 26.) The Court determines that the ALJ was not required to evaluate an opinion pre-dating the relevant time period by seven years. *See Ellison v. Barnhart*, 355 F. 3d 1272, 1276 (11th Cir. 2003) (noting that the ALJ was only required to develop the claimant's complete medical history for the twelve months preceding the month in which the SSI application was filed); *see also Veguilla v. Comm'r of Soc. Sec.*, 6:18-cv-361-Orl-40DCI, 2018 WL 6592533, at *4, n.8 (M.D. Fla. Nov. 29, 2018), *report and recommendation adopted*, 2018 WL 6589836 (M.D. Fla. Dec. 13, 2018) (observing that plaintiff failed to show the ALJ had a duty to address records which pre-dated disability onset by more than ten years).

### A. The ALJ's Failure to Assign Weight to Dr. Goodfellow's April 23, 2015 Report Does Not Warrant Reversal.

"In determining at steps four and five whether a claimant can perform her past relevant work or other work, the ALJ must determine the claimant's RFC by considering all relevant medical and other evidence." *Laurey v. Comm'r of Soc. Sec.*, 632 F. App'x 978, 986 (11th Cir. 2015) (per curiam) (unpublished). To do so, the Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel*, 631 F.3d at 1178–79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). When evaluating a physician's opinion, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. *See* 20 C.F.R. § 416.927(c).[3]

The Code of Federal Regulations defines medical opinions as "statements from acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [claimant's] symptoms, diagnosis and prognosis, what [claimant] can still do despite impairment(s), and [claimant's] physical or mental restrictions." 20 C.F.R. § 416.927(a)(1); *see also Winschel*, 631 F.3d at 1179 (finding that the treatment notes constituted a medical opinion because they included a "description of [Plaintiff's] symptoms, a diagnosis, and a judgment about the severity of [Plaintiff's] impairments"). A treating doctor's opinion is

---

[3] Although the Commissioner has adopted new regulations for considering medical opinions for claims filed on or after March 27, 2017 (*see* 20 C.F.R. § 416.920c), the claim here was filed in 2014, so the rules in § 416.927 apply. It is unclear why Plaintiff asserts that the new regulations are applicable here. (Doc. 21 at 23.)

generally entitled to more weight, and an ALJ must articulate good cause for discounting a treating doctor's opinion. 20 C.F.R. § 416.927(c)(2). However, "[T]here is no 'rigid requirement that the ALJ specifically refer to every piece of evidence, so long as the ALJ's decision . . . is not a broad rejection' that leaves th[e] Court with insufficient information to conclude that the ALJ considered the claimant's medical condition as a whole." *Laurey*, 632 F. App'x at 987 (quoting *Dyer v. Barnhart,* 395 F.3d 1206, 1211 (11th Cir. 2005)).

Plaintiff asserts that the ALJ erred by not weighing the April 23, 2015 report—which Plaintiff characterizes as an opinion—of Dr. Goodfellow, Plaintiff's treating cardiologist. On April 23, 2015, Dr. Goodfellow completed a Cardiac "Medical Questionnaire" applicable to the time period between March 11, 2014, when Plaintiff's began treatment with him, through April 20, 2015. (Tr. 647–648.) At the time of the report, Dr. Goodfellow had seen Plaintiff on three different occasions. (Tr. 647.) In the Medical Questionnaire, Dr. Goodfellow noted that Plaintiff reported shortness of breath with exertion and that rest relieved Plaintiff's symptoms. (Tr. 647–648.) Dr. Goodfellow did not, as the Commissioner points out, include any specific limitations on Plaintiff's abilities. Rather, he stated only that exercise treadmill testing was precluded at the time because Plaintiff needed a cardiac catheterization and transesophageal echocardiogram. (Tr. 648.)

While Dr. Goodfellow's April 23, 2015 Medical Questionnaire includes a diagnosis of Plaintiff's condition and a summary of Plaintiff's self-reported symptoms, the notes do not provide the doctor's insight into Plaintiff's physical restrictions or abilities. Instead, the Medical Questionnaire memorializes *Plaintiff's complaints* to Dr. Goodfellow. As such, the undersigned finds that the ALJ was not under an obligation to assign weight to the Medical Questionnaire, as it was more akin to treatment notes. *See Lara v. Comm'r of Soc. Sec.*, 705 F. App'x 804, 812 (11th Cir. 2017) ("[A]t least some of the records contain no judgments about the nature and severity of

[Plaintiff's] impairments and thus do not contain opinions."); *Duarte v. Comm'r of Soc. Sec.*, No. 8:15-cv-1465-T-36TBM, 2016 WL 5403413, at *5 (M.D. Fla. Sept. 28, 2016) (finding that treatment notes that listed "[the plaintiff's] subjective complaints, mental status exams, and treatment plans" did not constitute a medical opinion for which the ALJ was required to assign weight); *Williams v. Comm'r of Soc. Sec.*, No. 3:15-cv-78-J-PDB, 2016 WL 944263, at *5 (M.D. Fla. Mar. 14, 2016) (finding that the treatment notes did not constitute an opinion, despite noting the plaintiff's pain upon ambulation, because the notes never made an evaluation on the plaintiff's ability to walk).

On review, the undersigned finds no reversible error on this issue. Despite the ALJ's failure to explicitly give weight to the April 23, 2015 Medical Questionnaire authored by Dr. Goodfellow, the ALJ thoroughly discussed Dr. Goodfellow's treatment notes in her opinion, "showing that the ALJ considered and gave weight to this medical evidence." *Laurey*, 632 F. App'x at 987. Contrary to Plaintiff's assertion that the April 23, 2015 Medical Questionnaire contained Dr. Goodfellow's opinion on Plaintiff's physical limitations, there is nothing in the Questionnaire that contradicts the ALJ's ultimate RFC assessment that Plaintiff can perform a limited range of light work. Rather, as the ALJ's opinion details, she acknowledged Plaintiff's complaints of chest pain upon exertion but elaborated on why Plaintiff's complaints of the intensity, persistence, and limiting effects of these symptoms were inconsistent in light of the medical evidence of record. (Tr. 25.) Thus, any error that the ALJ might have made in failing to state explicitly the weight she was giving to Dr. Goodfellow's April 23, 2015 Medical Questionnaire was harmless.

### B. The ALJ Did Not Err in Assigning Significant Weight to Dr. Tavel's Opinion.

Plaintiff also argues that the ALJ should not have credited Dr. Tavel's opinion with significant weight because it was not based on a full and adequate reading of the record. (Doc. 21

at 18–24.) Dr. Tavel testified at the administrative hearing that Plaintiff had mitral regurgitation or mitral insufficiency, resulting from a leaky mitral valve of the heart. (Tr. 47.) He stated that while the leakage appeared to be moderate, it did not appear to limit Plaintiff's maximum capacity to function. (*Id.*) Dr. Tavel noted Plaintiff had recurrent chest pain but that the examiners of record believed it was not cardiac in origin, which Dr. Tavel felt was consistent with the record. (Tr. 48). Plaintiff's numerous echocardiograms demonstrated that his ventricular function was in a normal range. (*Id.*) Dr. Tavel relied heavily on the results of Plaintiff's Bruce Protocol treadmill stress test conducted in September 2015 in making his opinion. (*Id.*) Based on the results of the stress test, which Dr. Tavel stated Plaintiff was able to do "for a considerable length of time," he estimated Plaintiff's ability to perform was at a range of 10 or more METS, which, according to him, was a very high level of functioning. (Tr. 47–48.) The ALJ ultimately assigned significant weight to Dr. Tavel's opinion, noting he was a board-certified cardiologist who reviewed Plaintiff's entire medical record. (Tr. 26.)[4] The ALJ extensively reviewed the testimony of Dr. Tavel in the opinion. (Tr. 24–25.)

Plaintiff essentially contends that Dr. Tavel (1) misread the results of Plaintiff's stress test, since Plaintiff was unable to complete the entire test due to fatigue, or (2) at least misrepresented the significance of Plaintiff not completing the test to the ALJ. (Doc. 21 at 20–23.) Plaintiff points

---

[4] Plaintiff makes a brief argument that Dr. Tavel's qualifications are at issue because his C.V. was not admitted into the record and the ALJ therefore failed to fully investigate his qualifications. (Doc. 21 at 23–24.) However, Plaintiff does not point the Court to any legal authority directing remand for failure to investigate the qualifications of the medical expert, where Dr. Tavel testified that he was a cardiologist and Plaintiff's attorney at the hearing was given an opportunity to question Dr. Tavel on his qualifications and declined to do so. (Tr. 45–46.) The Court construes Plaintiff to have waived this argument due to the failure to provide legal authority for it. *Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (unpublished) (stating that plaintiff waived an issue where he did not "elaborate on th[e] claim or provide citation to authority about th[e] claim".)

to his easy fatiguability during the test as evidence that he clearly had more physical limitations than was ultimately included in the ALJ's RFC finding. (*Id.*) But Dr. Tavel's reading of the stress test results are otherwise supported by the record, as recognized by the ALJ in her opinion. Dr. Aldino Cellini, a consulting cardiologist, conducted a consultative exam of Plaintiff in September 2015, wherein he stated that Plaintiff was able to complete 12 minutes and 20 seconds of stress testing,[5] which on its own indicated "excellent prognosis" and "unlikelihood of significant coronary artery disease." (Tr. 744, 23.) As the ALJ observed, Dr. Cellini concluded that Plaintiff has "negative enzymes, negative electrocardiogram, atypical symptoms, and excellent work performance with EKG changes on a Bruce protocol for an excess of 12 minutes" which ultimately indicated "incredibly low risk." (Tr. 744–745, 23.) The Eleventh Circuit has held that an ALJ's opinion can be supported by substantial evidence where there is good cause to afford more weight to the opinion of a non-examining physician. *Forsyth v. Comm'r of Soc. Sec.*, 503 F. App'x 892, 893 (11th Cir. 2013). As stated above, it does not appear that the ALJ discredited Dr. Goodfellow's treatment notes in any way, and the ALJ otherwise had good cause to afford substantial weight to Dr. Tavel's testimony, given that he reviewed Plaintiff's entire record and it was otherwise supported by evidence in the record.

### C. The Appeals Council's Failure To Consider Dr. Goodfellow's October 4, 2018 Opinion Warrants Remand.

Plaintiff contends that he submitted new evidence comprised of a Cardiac Medical Source Statement (the "Opinion") authored by Dr. Goodfellow on October 4, 2018, applicable to the time period from March 31, 2014, through July 28, 2016 (Tr. 35–38). (Doc. 21 at 33–34.) In the Opinion, Dr. Goodfellow, in part, opines as to Plaintiff that "rest is recommended to prevent

---

[5] Plaintiff indicates that the total time for the Bruce Protocol treadmill stress test is 21 minutes in length. (Doc. 21 at 20.)

symptoms" of chest pain and exertional dyspnea; he also recommended no physical exertion from March 21, 2014 to July 28, 2016. (Tr. 34–35.) He further opined that Plaintiff was capable of low work stress with rest and no physical exertion. (Tr. 36.) In its decision denying Plaintiff's request for review, the Appeals Council stated that the October 4, 2018 Opinion "[did] not show a reasonable probability that it would change the outcome of the decision." (Tr. 2.)

The Appeals Council will review a case if it receives additional evidence that is new, material, relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision. 20 C.F.R. § 404.970(a)(5); *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). Additionally, the Appeals Council will only consider additional evidence if Plaintiff shows good cause for not informing the Appeals Council about it or not submitting evidence in a timely manner. 20 C.F.R. § 404.970(b). "[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015).

Plaintiff asserts that Dr. Goodfellow's October 4, 2018 Opinion satisfies all of the requirements of § 404.970(a)(5). (Doc. 21 at 33–36.) The Commissioner, on the other hand, argues that Plaintiff has failed to show that the new evidence submitted to the Appeals Council rendered the ALJ's decisions erroneous, citing *Ingram v. Commissioner of Social Security Administration*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous.") Specifically, the Commissioner asserts that the October 4, 2018 Cardiac Medical Source Statement from Dr. Goodfellow provides essentially the same information as the Cardiac Questionnaire he completed in April 2015. (Doc. 21 at 37.) The Commissioner couches

Dr. Goodfellow's more recent opinion as vague, giving no opinion regarding Plaintiff's functional limitations and ability to perform work-related activities. (*Id.* at 37-38.)

However, the Commissioner's argument is unpersuasive. Dr. Goodfellow explicitly recommended that Plaintiff avoid physical exertion to prevent chest pain and exertional dyspnea and that Plaintiff was capable of low stress work with rest and no physical exertion. (Tr. 36.) This opinion contradicts the ALJ's RFC that Plaintiff was capable of light work and could occasionally climb ramps/stairs, balance, stoop, kneel, crouch and crawl. (Tr. 20.) The regulations define light work as requiring a good deal of walking, standing, and lifting. (*See supra* n. 1.) If the Commissioner were to accept Dr. Goodfellow's October 6, 2018 opinion, there is a reasonable possibility that it could change the administrative results, given that he was Plaintiff's treating cardiologist and his opinion is entitled to great weight absent good cause. *Washington*, 806 F.3d at 1323. Accordingly, the Appeals Council's refusal to consider the new evidence from Dr. Goodfellow was an error of law. *Id.* Thus, the undersigned concludes that remand is appropriate so that the Commissioner can consider the new medical evidence.

V. **CONCLUSION**

Upon consideration of the foregoing, it is **ORDERED AND ADJUDGED** that:

1. The Commissioner's final decision in this case is **REVERSED AND REMANDED** for proceedings consistent with this opinion; and
2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff and thereafter **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on September 21, 2020.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record